Gbabcam, Judge,
delivered the opinion of the court:
The plaintiffs entered into a contract with the defendant, through the Secretary of War, on April 19, 1918, for the manufacture of “ approximately ” 180,000 raincoats. While plaintiffs were engaged in carrying out said contract, the War Department, on July 22, ordered the suspension of the work owing to the arrest on July 21 of a member of plaintiffs’ firm, who was charged with attempting to bribe a *16 Government inspector and with defrauding the Government by manufacturing inferior raincoats. This action by the department was taken because of the arrest of the said plaintiff, his incarceration during the night of July 21, and his being held under bail for the grand jury on July 22. The Government acted in good faith, in the light of the charges against said plaintiff, and in the reasonable belief that there had been a failure by plaintiffs to perform and that they had violated their contract by criminal acts, to the detriment of the public interest and the prosecution of the war.
The plaintiffs made no protest, nor did they offer to continue with the work then or at any time thereafter, or demand to be allowed to do so. The suspension, which lasted for five weeks, merely stopped the cutting of new material, and all of the coats completed by plaintiffs were delivered and paid for. The course of the Government seems to have been acquiesced in by plaintiffs. The Government, on August 12, adopted a new system of inspection, notice of which was given to plaintiffs, and on August 27 an order was issued to them which amounted to a resumption of work but under somewhat changed conditions; that is, the number of raincoats to be supplied under the original contract was reduced and the prices, respectively, for heavyweight and lightweight raincoats were slightly reduced. The specifications, however, were the same as under the contract. The plaintiffs accepted the order without protest and proceeded to fill it by using the materials which were available under the contract. They supplied all but 7,969 coats called for by the order and were paid, and accepted without protest, the price fixed in the order.
After the armistice the War Department terminated the work, and thereafter its board of appraisers settled with the plaintiffs for all claims growing out of the failure to complete the work, including an allowance of 25 cents a garment for those undelivered. The plaintiffs received the payment under this settlement and signed a release in full of all claims under the order. As this order was a modification, mutually agreed to, of the original contract, the settlement is to be treated as a settlement under the contract and order. *17 Plaintiffs asserted no further claim against the Government at any time until this suit was brought, one day before the expiration of the statute of limitations.
We hold that a fair construction of the facts leads to the conclusion that the plaintiffs are bound by the settlement with the War Department board of appraisers. Aside from this, however, we hold that the Secretary of War had authority to suspend the work under the circumstances of the case. See United States v. Adams, 7 Wall. 463, 477. Whether he had authority to cancel the contract under the decision just named, jn view of the conclusion reached, it is not necessary to decide. The petition should be dismissed, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.